Eugene Kim
453 S. Spring St Ste 400
Los Angeles, CA 90013
E-mail: Eugene@thejudgmentsolutions.com
(213) 255-9240

Appearing In Pro Per

**FILED**
FEB 10 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re:

DANA KIM SHELTON,

Debtor.

CASE No.: 8:17-bk-12887-SC

Chapter 7

**ACKNOWLEDGEMENT OF ASSIGNMENT OF JUDGMENT**

C.C.P. § 673

COMES NOW DANA KIM SHELTON, Judgment Creditor in this matter, and hereby provides the following in support of an ASSIGNMENT OF JUDGMENT:

1) THAT original judgment was entered by this Court on January 30, 2020.

2) THAT the Judgment was entered in this Court favor of Judgment Creditor and against Judgment Debtors, Sharon Deon Sims, Daniel Keith Larson and Erin Ellen Larson on January 30, 2020 in the amount of $57,321.58.

3) THAT Judgment Creditor has received $0.00 of judgment from judgment debtors.

4) DANA KIM SHELTON, whose current address 309 Salt Pond Costa Mesa, CA 92627 is the judgment creditor of record.

5) THAT the last known address of record for the judgment debtors Sharon Deon Sims, Daniel Keith Larson and Erin Ellen Larson is 6670 El Pomar Drive. Templeton, CA 93465.

6) That I, DANA KIM SHELTON, original judgment creditor, hereby transfer, and assign all title, rights, and interest in the Judgment to the following person:

> EUGENE KIM
> 453 S. Spring St Ste 400
> Los Angeles, CA 90013

7) THAT Assignor acknowledges that this is an absolute assignment without recourse and that the rights represented by this Judgment that are assigned to the assignee, Eugene Kim are all of the assignor's rights, title and interest in the Judgment awarded in the above-entitled action in the total remaining amount of $57,321.58. This is an absolute assignment for the full amount of the Judgment with allowed costs and accrued interest thereon at the legal rate from and after the date of entry of this Judgment.

8) THAT I, hereby irrevocably assign to and authorize Assignee, EUGENE KIM, to recover, compromise, settle and enforce said Judgment, at his discretion, as well as to defend attack on the judgment, and I withdraw all right and claim to same.

9) Eugene Kim, 453 S. Spring St Ste 400, Los Angeles, CA 90013, is now the holder and owner of the Judgment.

Signed this 29 day of January, 2026

BY: _____
DANA KIM SHELTON
Judgment Creditor

This certificate is attached to a __2__ page document dealing with/entitled __United States Bankruptcy Court__ and dated __01/29/2026__

## California ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __Orange__

On __January 29 2026__ before me, __Micah Alberto, Notary Public__ (here insert name and title of the officer), personally appeared __Dana Kim Shelton__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

MICAH ALBERTO
COMM.# 2492262
NOTARY PUBLIC · CALIFORNIA
ORANGE COUNTY
My Comm. Expires Jun. 13, 2026

Signature _____ (Seal)

Printed 02-18

Case 8:17-bk-12887-SC    Doc 352    Filed 02/10/26    Entered 02/10/26 13:28:24    Desc
Main Document    Page 4 of 9
Case 8:17-bk-12887-SC    Doc 329    Filed 09/20/24    Entered 09/20/24 12:18:20    Desc
Main Document    Page 2 of 8
Case 8:17-bk-12887-SC    Doc 211    Filed 01/30/20    Entered 01/30/20 12:25:14    Desc
Main Document    Page 1 of 6

1  CHRISTOPHER P. WALKER – State Bar # 174533
   LAW OFFICE OF CHRISTOPHER P. WALKER, P.C.
2  505 S. Villa Real Drive, Suite 103
   Anaheim Hills, CA 92807
3  Telephone: (714) 639-1990
   Facsimile: (714) 637-1636
4
5  Attorneys' for Debtor Dana Kim Shelton

```
FILED & ENTERED

JAN 30 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte    DEPUTY CLERK
```

CHANGES MADE BY COURT

# IN THE UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DANA KIM SHELTON,<br><br>Debtor. | Case No.: 8:17-bk-12887-SC<br><br>Chapter 7<br><br>**ORDER FOR CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION AGAINST (1) SHARON DEON SIMS, (2) DANIEL KEITH LARSON AND (3) ERIN ELLEN LARSON**<br><br>Hearing On Motion for Order to Show Cause<br>Date:    December 18, 2019<br>Time:    11:00 a.m.<br>Ctrm:    5C, 411 West Fourth Street, Santa Ana, CA 92701<br><br>Hearing On Order to Show Cause<br>Date:    January 22, 2020<br>Time:    11:00 a.m.<br>Ctrm:    5C, 411 West Fourth Street, Santa Ana, CA 92701 |

The hearing on the Order to Show Cause re Contempt came on for hearing on January 22, 2020, the Honorable Scott C. Clarkson presiding. Christopher P. Walker and Steven Giammichele appeared for the Debtor Dana Kim Shelton ("Debtor"). Sharon Deon Sims, Daniel Keith Larson and Erin Ellen Larson appeared for themselves, in pro per.

1
ORDER FOR CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION

Case 8:17-bk-12887-SC    Doc 352    Filed 02/10/26    Entered 02/10/26 13:28:24    Desc
Main Document    Page 5 of 9
Case 8:17-bk-12887-SC    Doc 329    Filed 09/20/24    Entered 09/20/24 12:18:20    Desc
Main Document    Page 4 of 8
Case 8:17-bk-12887-SC    Doc 211    Filed 01/30/20    Entered 01/30/20 12:25:14    Desc
Main Document    Page 2 of 6

1     The Court issued its Order to Show Cause re Contempt on December 23, 2019 [Dk. 197], directing (1) Sharon Deon Sims, (2) Daniel Keith Larson and (3) Erin Ellen Larson (the "Larson-Sims Parties"), to appear and show cause why they should not be held in Contempt of the Discharge Injunction[1] and sanctioned by an award to Debtor of compensatory damages, attorney's fees, and costs for violating the discharge injunction by the following conduct:

    a. The filing of a renewed Petition in Orange County Superior Court case NO. 30-2012-00539610-PR-TR-CJC ("State Court Action") seeking attorney's fees and costs in the State Court Action against Debtor;

    b. Arguing and conducting the hearing on July 3, 2019, seeking attorney's fees and costs in the State Court Action against Debtor;

    c. Setting a trial date and noticing the trial date for November 25, 2019, to collect attorney's fees and costs in the State Court Action against Debtor, and

    d. Conducting the Trial on November 25, 2019, seeking attorney's fees and costs in the State Court Action against Debtor.

    The Court, after considering the Notice of Motion and Motion for an Order to Show Cause to Hold in Contempt for violation of the discharge injunction: (1) Sharon Deon Sims, (2) Daniel Keith Larson and (3) Erin Ellen Larson filed by Debtor on October 29, 2020 [Dk. 189], the Objection to Order to Show Cause filed by Sharon Deon Sims, Daniel Keith Larson, and Erin Ellen Larson on January 6, 2020 [Dk. 202], all of the documents and exhibits filed in this matter, the docket in this case, including hearing transcripts appearing on the Docket, as well as oral recordings of prior hearings, and all documents filed in this bankruptcy case, the State Court Action and documents

---

[1] The discharge injunction is authorized by section 524(a)(2) of the Bankruptcy Code. It provides that a bankruptcy discharge "operates as an injunction against... an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived...." 11 USC § 524.

2
ORDER FOR CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION

Case 8:17-bk-12887-SC    Doc 352    Filed 02/10/26    Entered 02/10/26 13:28:24    Desc
Main Document    Page 6 of 9
Case 8:17-bk-12887-SC    Doc 329    Filed 09/20/24    Entered 09/20/24 12:18:20    Desc
Main Document    Page 5 of 8
Case 8:17-bk-12887-SC    Doc 211    Filed 01/30/20    Entered 01/30/20 12:25:14    Desc
Main Document    Page 3 of 6

filed in the State Court action, all offered testimony at the hearing, and other documents in the record as more specifically described during the hearing on this matter, and analyzing and reflecting carefully on the recent United States Supreme Court decision in *Taggart v. Lorenzen*, 2019 U.S. Lexis 3890 (June 3, 2019)[2], and good cause appearing,

**IT IS SO ORDERED:**

1. The Order to Show Cause is Granted for all of the reasons stated on the record by the Court. The oral record, including this Court's findings of facts and conclusions of law stated on the record, is extensive and is fully incorporated herein by reference.

2. Personal Jurisdiction has been conferred on the Larson-Sims Parties by virtue of filed proofs of claims (by Daniel Keith Larson and Erin Ellen Larson) and by Sharon Deon Sims with respect to her personal filing of various Motions, Responses, and Replies in this Court over the past two years, and specifically her filed Motion for Relief from the Automatic Stay (which was denied) on October 17, 2017, as dockets number 26 and 27. A further discussion of personal jurisdiction as it pertains to civil contempt motions may be found at *In re Debilio*, BAP No. CC-14-1226 and CC-14-1299, United States Bankruptcy Appellate Panel of the Ninth Circuit, filed February 27, 2015.

---

[2] In a 9–0 decision authored by Justice Breyer, the Supreme Court of the United States considers "the legal standard for holding a creditor in civil contempt when the creditor attempts to collect a debt in violation of a bankruptcy discharge order" and holds that contempt sanctions may be appropriate "when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 2019 U.S. LEXIS 3890, at *9-10 (June 3, 2019).

The *Taggart* decision aligns the contempt standard in the bankruptcy discharge context with the "no fair ground of doubt" standard historically used in the context of non-bankruptcy injunctions. In doing so, the decision provides greater certainty for debtors and creditors regarding the applicable legal rules and strikes a balance between protecting a debtor's discharge and not creating excessive risk of liability for creditors. The decision reflects a broad sense of judicial pragmatism and a desire to better calibrate bankruptcy and non-bankruptcy law when possible.

Case 8:17-bk-12887-SC    Doc 352    Filed 02/10/26    Entered 02/10/26 13:28:24    Desc
Main Document    Page 7 of 9
Case 8:17-bk-12887-SC    Doc 329    Filed 09/20/24    Entered 09/20/24 12:18:20    Desc
Main Document    Page 6 of 8
Case 8:17-bk-12887-SC    Doc 211    Filed 01/30/20    Entered 01/30/20 12:25:14    Desc
Main Document    Page 4 of 6

3. Sharon Deon Sims, Daniel Keith Larson, and Erin Ellen Larson, jointly and severally, are held in civil contempt for violation of the discharge injunction.
4. Sharon Deon Sims, Daniel Keith Larson, and Erin Ellen Larson are ordered to pay compensatory damages, jointly and severally, for attorneys' fees and costs to Debtor Dana Kim Shelton as follows: $15,164.54 for attorneys' fees and costs incurred in the State Court Action and this Bankruptcy proceeding prior to October 29, 2019; $900 for attorneys' fees for attorney Christopher Walker's work after October 29, 2019; $25,000 for attorneys' fees for Steven Giammichele's work after October 29, 2019; $15,000 for attorneys' fees for additional anticipated work by Steven Giammichele in the State Court Action; costs of $495 for a filing fee; $247.04 for costs prior to October 29, 2019; and $515.00 for a transcript fee, totaling **$57,321.58 in sanctions.**
5. Debtor received her discharge on November 6, 2017, [Dk. 35] which relates back to the Petition Date of July 20, 2017.
6. The Discharge applies to all claims against her, including any and all obligations to the Larson-Sims Parties.

///
///

Case 8:17-bk-12887-SC    Doc 352    Filed 02/10/26    Entered 02/10/26 13:28:24    Desc
Main Document    Page 8 of 9
Case 8:17-bk-12887-SC    Doc 329    Filed 09/20/24    Entered 09/20/24 12:18:20    Desc
Main Document    Page 7 of 8
Case 8:17-bk-12887-SC    Doc 211    Filed 01/30/20    Entered 01/30/20 12:25:14    Desc
Main Document    Page 5 of 6

7. Any further activities of prosecution or collection attempts of pre-petition claims against Debtor by the Larson-Sims Parties are and will be considered a continuation of, or renewed, violation of the Discharge Injunction under 11 U.S.C. § 524. The California Superior Court for the County of Orange, and all other state courts through which the Larson-Sims Parties have petitioned, or shall in the future petition, are so informed.

**IT IS SO ORDERED.**

###

Date: January 30, 2020

Scott C. Clarkson
United States Bankruptcy Judge

Case 8:17-bk-12887-SC    Doc 352    Filed 02/10/26    Entered 02/10/26 13:28:24    Desc
Main Document    Page 9 of 9
Case 8:17-bk-12887-SC    Doc 329    Filed 09/20/24    Entered 09/20/24 12:18:20    Desc
Main Document    Page 8 of 8
Case 8:17-bk-12887-SC    Doc 211    Filed 01/30/20    Entered 01/30/20 12:25:14    Desc
Main Document    Page 6 of 6

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify) ORDER FOR CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION AGAINST (1) SHARON DEON SIMS, (2) DANIEL KEITH LARSON AND (3) ERIN ELLEN LARSON entered on or about January 30, 2020, and will be served in the manner indicated below:

SERVED BY THE COURT VIA U.S. MAIL: A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Sharon Deon Sims
P.O. Box 3316
Idyllwild, CA 92549

Sharon Deon Sims
6670 El. Pomar Drive
Templeton, CA 93465

Daniel Keith Larson
Erin Ellen Larson
6670 El Pomar Drive
Templeton, CA 93465